IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY J. BIGGS,

        Petitioner,                  Civ. No. S-07-0470 WBS KJM P

     vs.

CLAUDE FINN, et al.,

        Respondents.            ORDER

_____/

        This matter was on calendar on March 26, 2008 for a hearing on petitioner's motion for an order allowing him to conduct discovery. Ann McClintock, Assistant Federal Defender appeared for petitioner; Krista Pollard, Deputy Attorney General, appeared for respondent.

I. Background

        In 1981, petitioner was committed to prison for a term of twenty five years to life following a conviction of first degree murder. In 2005, the parole board found him suitable for parole, but Governor Schwarzenegger reversed this decision in May 2006. Petitioner challenged this denial in the California courts. In this federal habeas action, petitioner has alleged, among other things, that the governor's action violates the Ex Post Facto clause of the United States Constitution because the state constitutional provision and statute that authorize the Governor's

1

review of parole determinations were enacted in 1988, yet have been applied retrospectively to him.

Petitioner asks leave to pose four interrogatories, requesting information as follows:

1. The number of final indeterminate sentence parole release decisions reviewed by the Governor wherein a prisoner was found unsuitable for parole by the Board from November 1988 to the present;

2. Of the number identified in response to Interrogatory 1, the number the Governor affirmed, the number the Governor reversed, the number the Governor modified, the number the Governor remanded to the Board for reconsideration, and the number the Governor left undisturbed;

3. The number of final indeterminate sentence parole release decisions reviewed by the Governor wherein a life prisoner was found suitable for parole by the Board during the period from November 1988 to the present;

4. Of the number identified in response to Interrogatory 3, the number the Governor affirmed, the number the Governor reversed, the number the Governor modified, the number the Governor remanded to the Board for reconsideration, and the number the Governor left undisturbed.

Respondent opposes the request, arguing that he has not shown good cause to undertake discovery because his "as applied" Ex Post Facto claim is not exhausted and the state court's resolution of the Ex Post Facto claim was not an unreasonable application of clearly established federal law.

II. <u>Habeas Discovery</u>

Habeas corpus petitioners must show good cause for discovery because they are not entitled to discovery as a matter of course but only when specific allegations show reason to "believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." <u>Bracy v. Gramley</u>, 520 U.S. 899, 908-09 (1997).

/////

/////

A. Exhaustion

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986). The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court. This "fair presentation" requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277-78.

Petitioner's counsel has submitted a copy of the petition for review that petitioner, acting pro se, filed in the California Supreme Court. In that petition, petitioner alleges that had the law not provided for the Governor's review of parole, he "would be released to a lower form of custodial status; parole, thus increasing the measure of punishment." Petitioner's Exhibits, Ex. I at 4C. He also argues that in the absence of the governor's review, he would be on parole and thus the law increased the measure of his punishment. He adds that "the Governor has never reviewed a parole denial–equity?" Id., Ex. I at 4G.

Counsel for respondent suggests that the "as applied" Ex Post Facto claim presented to this court is factually different from the facial challenge presented to the California Supreme Court, which renders the claim unexhausted. Counsel for petitioner argues that the elements of an Ex Post Facto claim are the same, whether the challenge is facial or as applied.

A law violates the Ex Post Facto clause of the Constitution if it applies to events that occurred before its enactment and disadvantages the criminal defendant affected by it. Weaver v. Graham, 450 U.S. 24, 29 (1981). In Garner v. Jones, 529 U.S. 244, 255 (2000), the Supreme Court recognized that the "disadvantage" could flow from the terms of the statute itself or from the statute's application to a particular defendant's sentence. Under Garner, if the law

/////

3

creates "a significant risk of increasing" an offender's punishment, it violates the Ex Post Facto clause. Id.

The Court of Appeals for the District of Columbia Circuit has described the impact of Garner on Ex Post Facto jurisprudence:

> . . . *Garner* outlines two ways in which "significant risk" can be established by a petitioner. First, it can be established if there are facial distinctions between the old and new parole/reparole regulations. Second, "[w]hen the rule does not by its own terms show a significant risk," a claimant may also meet his burden "by [introducing] evidence drawn from the rule's *practical implementation by the agency* charged with exercising discretion, that its retroactive application *will result in a longer period of incarceration than under the earlier rule.*" . . . The controlling inquiry "is one of practical effect."

Fletcher v. Reilly, 433 F.3d 867, 877 (D.C. Cir. 2006) (emphases in original; citations omitted). The District of Columbia Circuit recognizes that, as petitioner argued, an Ex Post Facto claim encompasses both facial and applied challenges, since these are the two methods by which the claim may be proven. It appears there is sufficient identity between the claims in the state petition and in the instant petition to permit petitioner to pursue discovery. The court expresses no opinion, however, as to the ultimate success of any more fully briefed challenge to the exhaustion status of this claim.

B. Clearly Established Federal Law

Respondent argues that discovery should not proceed because this court cannot grant petitioner relief unless the state court unreasonably applied Supreme Court precedent. He relies on a Ninth Circuit case to argue that the Governor's authority to review parole determinations has been upheld against Ex Post Facto challenge. See Johnson v. Gomez, 92 F.3d 964 (9th Cir. 1996).

Again, without foreclosing a more fully briefed challenge, this court finds there is sufficient merit to petitioner's claims to allow him to proceed with discovery. As noted above, the Garner court recognized that an Ex Post Facto violation may be shown when the operation of

4

a particular rule or statute creates a significant risk of increased punishment for an offender, whether that rule is substantive or procedural. Garner, 529 U.S. at 257. Moreover, the Garner court recognized that petitioner might be able to bolster his "as applied" claim with adequate discovery. Id. On remand, the Eleventh Circuit in its own turn remanded the case to the District Court "to determine, after permitting sufficient discovery" whether the challenged regulation violated the Ex Post Facto clause.

Respondent's reliance on Johnson v. Gomez does not change the result on the pending motion. First, the case was decided before Garner and so does not discuss whether changes in the law create a significant risk of increased punishment; instead, the court rejected petitioner's claim because he was unable to show he would have received parole under the old system. Johnson, 92 F.3d at 968. Second, the case does not consider whether the petitioner would be able to prove his Ex Post Facto claim by examining the operation of the statute in his case.

IT IS THEREFORE ORDERED that:

1. Petitioner's motion for leave to conduct discovery (docket no. 26 & 27) are granted; and

2. Within thirty days of the date of this order, petitioner shall serve his interrogatories; responses are due within forty-five days of the time the interrogatories are served. Any motion to compel must be filed within thirty days of the time the responses are served.

DATED: May 19, 2008.

_____
U.S. MAGISTRATE JUDGE

biggs0470.dsc