IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY J. BIGGS,

    Petitioner,                    No. CIV S-07-470 WBS KJM P

    vs.

ARNOLD SCHWARZENEGGER, et al.,

    Respondents.                ORDER

_____/

          Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is serving a sentence of twenty-five years to life for his conviction of first degree murder in 1984. In 2005, the parole board found petitioner suitable for parole, but Governor Schwarzenegger reversed that decision in May 2006. Petitioner alleges that the Governor's action violates the Ex Post Facto clause of the federal Constitution, arguing that the state constitutional provision authorizing the Governor's review of parole decisions has been applied to lengthen his incarceration retroactively. He specifically avers that "[s]ince the passage of Article V, section 8(b), the provision has never been used by any governor to reverse a decision by the Board of Prison Terms finding a prisoner <u>unsuitable</u>

/////

1  for parole, but has been used by all governors <u>exclusively</u> to reverse decisions by the Board of
2  Prison Terms finding prisoners <u>suitable</u> for parole." Am. Pet. at 8 (emphases in original).
3        On May 20, 2008, the court granted petitioner's motions for leave to conduct
4  discovery and ordered petitioner to serve his interrogatories on respondents.  The interrogatories
5  sought data on every governor's review of the parole board's decisions since 1988, the year
6  section 8(b) became law.  Petitioner now brings a motion for additional discovery, arguing that
7  respondents' answers to the first set of interrogatories "raise[] several questions ... about how the
8  Governor gets cases to review, what the process is for reviewing or considering whether to
9  review cases, and what it means when the Governor 'takes no action' or 'declines to review.'
10 These are the bases of the requested further discovery." Mot. at 7-8.
11       Parties in a habeas proceeding are not entitled to discovery as a matter of course.
12 <u>Bracy v. Gramley</u>, 520 U.S. 899, 904 (1997).  Rule 6(a) of the Rules Governing Habeas
13 Proceedings under § 2254 authorizes discovery only for good cause.  The burden of showing the
14 materiality of the discovery sought is on the party seeking it.  <u>Murphy v. Johnston</u>, 205 F.3d 809,
15 813-15 (5th Cir. 2000).  Moreover, a discovery request must be specific.  Rule 6(b) states that
16 "[a] party requesting discovery must provide reasons for the request.  The request must also
17 include any proposed interrogatories and requests for admission, and must specify any requested
18 documents."
19       In opposing the motion for additional discovery, respondent reasserts the same
20 arguments they levied against the original discovery requests.  The court rejected all of those
21 arguments when it first allowed discovery, and there is no reason to revisit those issues here.
22 <u>See</u> Order (Docket No. 34).
23 /////
24 /////
25 /////
26 /////

Respondent also contends that the additional discovery petitioner seeks would not be relevant because

> any information relevant to the issue is already in Biggs' possession. That information consists of documents establishing that Biggs was found suitable for parole by the Board and that the Governor reversed the decision. Biggs already has the documents, with statements of reasons for both the Board's findings and the Governor's findings. Furthermore, Biggs knows what the Governor was required to consider in making a decision.

Opp'n at 7. This objection misses the point of petitioner's challenge to the Governor's decisionmaking process under Article V, Section 8(b) of the California Constitution and the federal Ex Post Facto clause and the discovery that the court has already allowed petitioner to procure in support of that claim. The four interrogatories allowed by the court asked for the number of parole decisions reviewed by the governor and the results of those reviews, beginning in 1988 to the present. Respondents answered with copies of the governors' reports to the legislature from 1991 to 2007, information that, according to petitioner, was "the very basis of petitioner's allegations insofar as they show that the Governor reviews only grants of parole (99.8 percent of cases reviewed) and virtually never denials of parole (less than .2 percent of cases reviewed)." Mot. at 3. Significantly, respondents also qualified the accuracy of the reports, which the Governor is required by law to submit to the legislature. Respondents have not objected to petitioner's representation of their response as follows:

> other than the information provided in the legislative reports, the numbers of these reviews is unknown. Although some of the decisions reviewed by each Governor likely included inmates who were previously found unsuitable for parole, the Governor does not know how many of the parole authority's decisions of unsuitability were reviewed by both him and the prior Governors. There are several reasons for this. First, the Governor is not required to report cases where he reviews a case but takes no action on the Board's decision. Accordingly, it is not clear how many unsuitability decisions that he and prior Governors reviewed but let stand, as those decisions need not be reported to the Legislature. Additionally, there are cases where the Board may find the inmate unsuitable for parole, but nonetheless grant parole because of a court order to do so. Without reviewing all of the legislative reports, the Governor does not know how many of these

> cases exist.  It is also notable that under California Penal Code section 3041.1, the Governor's authority to review cases is based on the inmate's parole-release date, which is presumptively only scheduled after the inmate is found suitable for parole.  So it is possible that in all of the California Penal Code Section 3041.1 cases, the Governor has not reviewed a decision finding an inmate unsuitable for parole.

Id. at 4.

Respondents have candidly alerted petitioner and the court to the possible incompleteness of the legislative reports, but it is incumbent on respondents, in order to complete the discovery already authorized by the court, to supply any of the additional data in the Governor's possession or control, or to inform petitioner and the court that retrieving that data is, despite the Governor's best efforts, impossible.  Left undiscovered, this known deficiency in factual information would inhibit the court's duty to "dispose of the matter as law and justice require."  Harris v. Nelson, 394 U.S. 286, 290 (1969) (citing 28 U.S.C. § 2243).  Furthermore, as petitioner rightly points out, respondents' explanation for the inaccuracy in the reports raises additional, material questions about the Governor's process of reviewing decisions by the parole board and his execution of his duties under section 8(b).  The court finds, therefore, that respondents' indeterminate answer to the first set of discovery requests gives good cause for additional discovery.

Petitioner has submitted nineteen proposed interrogatories and requests for production of documents – a significant increase from the four interrogatories that the court initially allowed.  The potential volume of this proposed discovery gives the court some concern, but respondents have not objected to the scope of the proposed additional discovery.  The court need not parse through every discovery request at this stage: the parties are in a better position to determine the extent to which the requests are reasonably tailored to elicit facts relevant to petitioner's Ex Post Facto claim.  In doing so, the parties shall abide by the ordinary rules of civil procedure, including the requirement that the parties confer in good faith to resolve any

/////

differences they might have about the scope of these requests before they bring those differences to court.  Section 2254 Rule 11; Fed. R. Civ. P. 37(a)(1).

Accordingly, IT IS HEREBY ORDERED that:

1. The motion for additional discovery (docket no. 35) is granted; and

2. Within thirty days of the date of this order, petitioner shall serve his supplemental interrogatories and requests for production of documents.  Responses are due within forty-five days of the service of the discovery requests.  Any motion to compel must include the good faith certificate required under Fed. R. Civ. P. 37(a)(1) and must be filed within thirty days of the service of the responses.

DATED: November 19, 2009.

_____
U.S. MAGISTRATE JUDGE

4
bigg0470.disc.ord