1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JEFFREY J. BIGGS,

11              Petitioner,              No. 2:07-cv-0470 WBS KJN P (TEMP)

12         vs.

13
     GOVERNOR SCHWARZENEGGER,
14   et al.,

15              Respondents.              FINDINGS AND RECOMMENDATIONS

16   _____/

17              Petitioner is a former state prisoner proceeding through counsel with a petition for

18   writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In the August 27, 2007 amended petition,

19   petitioner challenges the Governor's 2006 reversal of the Board's 2005 grant of parole.  On

20   September 22, 2010, respondents filed a motion to dismiss this action pursuant to 28 U.S.C.

21   § 2254, Rule 4, on the ground that it has become moot because petitioner has been paroled.

22   Petitioner's counsel has not opposed the motion.

23              Under Rule 4 of the Rules Governing Section 2254 Cases, the court must conduct

24   a preliminary review of § 2254 habeas petitions and dismiss any petition where it plainly appears

25   that petitioner is not entitled to relief in this court.

26              A case or controversy must exist throughout all stages of litigation.  Spencer v.

1  Kemna, 523 U.S. 1, 7 (1998) (citation omitted).  If at any time during the course of litigation a

2  plaintiff ceases to suffer, or be threatened with, "an actual injury [that is] traceable to the

3  defendant," and that is "likely to be redressed by a favorable judicial decision," the matter is

4  moot.  Spencer, 523 U.S. at 7.

5          An exception to the mootness doctrine applies to claims that are "capable of

6  repetition, yet evading review."  Spencer, 523 U.S. at 17.  To invoke this exception, a plaintiff

7  must make two showings:  "(1) the challenged action was in its duration too short to be fully

8  litigated prior to its cessation or expiration; and (2) there [is] a reasonable expectation that the

9  same complaining party will be subjected to the same action again."  First Nat'l Bank of Boston

10 v. Bellotti, 435 U.S. 765, 774 (1978) (citation omitted); see also Dilley v. Gunn, 64 F.3d 1365,

11 1368-69 (9th Cir. 1995).  "A mere speculative possibility of repetition is not sufficient.  There

12 must be a cognizable danger, a reasonable expectation, of recurrence for the repetition branch of

13 the mootness exception to be satisfied."  Williams v. Alioto, 549 F.2d 136, 143 (9th Cir. 1977).

14         Where a petitioner challenges the denial of parole but is later paroled, the claim is

15 moot.  See Brady v. U.S. Parole Comm'n, 600 F.2d 234, 236 (9th Cir. 1979); see also Fletcher v.

16 U.S. Parole Comm'n, 550 F.Supp.2d 30, 44 (D. D.C. 2008) ("[W]hen a prisoner seeking

17 injunctive or declaratory relief challenges his parole eligibility date but is subsequently released

18 on parole, his claims are moot unless he alleges continuing adverse consequences from the

19 challenged parole records.")  "Overwhelmingly, the rule followed by both California and federal

20 courts is to deny a pending habeas petition as moot if the petitioner is released from prison, and

21 § 3000.1[1] is applicable to his or her case."  Rios v. Mendoza -Powers, 2010 WL 1032696 (E.D.

22 Cal. 2010) (citation omitted).

23

24          [1]  California Penal Code Section 3000.1(a)(1) provides that "In the case of any inmate
   sentenced under Section 1168 for any offense of first or second degree murder with a maximum
25 term of life imprisonment, the period of parole, if parole is granted, shall be the remainder of the
   inmate's life."  Id.  Here, petitioner was convicted of first degree murder and sentenced to state
26 prison for twenty-five years to life.  (Dkt. No. 18 at 2.)

1          Respondents have provided evidence that petitioner has been paroled (dkt. no. 40-

2   1 at 2), and argues this case should be dismissed as moot.  Petitioner has failed to:  (a) rebut the

3   evidence that petitioner has paroled, (b) provide legal authority to the contrary, or (c) allege an

4   exception to the mootness doctrine or continuing adverse consequences.[2]  Because petitioner has

5   been paroled, the amended petition is moot.  See also Burnett v. Lampert, 432 F.3d 996, 1000-01

6   (9th Cir. 2005) (a habeas petition becomes moot where the petitioner's injury cannot not be

7   redressed by a favorable decision).  Respondents' motion to dismiss should be granted.

8          Accordingly, IT IS HEREBY RECOMMENDED that respondents' September 22,

9   2010 motion to dismiss (dkt. no. 40) be granted.

10          These findings and recommendations are submitted to the United States District

11   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

12   one days after being served with these findings and recommendations, any party may file written

13   objections with the court and serve a copy on all parties.  Such a document should be captioned

14   "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files

15   objections, he shall also address whether a certificate of appealability should issue and, if so, why

16   and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if

17   the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §

18   2253(c)(3).  Any response to the objections shall be filed and served within fourteen days after

19   service of the objections.  The parties are advised that failure to file objections within the

20   ////

21   ////

22

---

23          [2]  Moreover, in light of recent United States Supreme Court authority, it is appears
unlikely petitioner could proceed in any event.  Swarthout v. Cooke, No. 10-333, 2011 WL
24   197627 (S. Ct., January 24, 2011) (Although California's parole statutes give rise to a liberty
interest in parole protected by the federal due process clause, the protection afforded by the
25   federal due process clause to California parole decisions consists solely of  the "minimal"
procedural requirements set forth in Greenholtz, specifically "an opportunity to be heard and . . .
26   a statement of the reasons why parole was denied."  Swarthout, at *2-3.)

1    specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

2    F.2d 1153 (9th Cir. 1991).

3    DATED:  January 28, 2011

4

5                                                    _Kendall J. Newman_____

6                                                    KENDALL J. NEWMAN
                                                     UNITED STATES MAGISTRATE JUDGE
7    bigg0470.mtd

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26